IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JAMES FULTON, et al., on behalf of themselves and all others similarly situated, ) ) ) | |
| Plaintiffs, ) | CIVIL ACTION |
| ) | |
| v. ) | No. 10-2645-KHV |
| ) | |
| TLC LAWN CARE, INC., ) ) | |
| Defendant. ) ) | |

**MEMORANDUM AND ORDER**

Hourly employees of TLC Lawn Care, Inc. bring suit alleging that TLC violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., and the Kansas Wage Payment Act ("KWPA"), K.S.A. §§ 44-312 et seq., by not paying them for all hours worked and making unlawful deductions from their pay. First Amended Complaint (Doc. #45) filed August 15, 2011. This matter comes before the Court on the parties' Supplement To Joint Motion To Approve Settlement Of FLSA Claims And Supporting Memorandum (Doc. #55) filed February 22, 2012, which requests final collective action certification under Section 16(b) of the FLSA, 29 U.S.C. § 216(b). It also asks the Court to approve the parties' settlement agreement and approve plaintiffs' request for attorneys' fees and costs. The Court thus construes the supplement as a motion renewing the parties' Joint Motion To Approve Settlement Of FLSA Claims And Supporting Memorandum (Doc. #51) and plaintiffs' Unopposed Motion And Memorandum For Approval Of Attorneys' Fees And Costs (Doc. #52) both filed October 28, 2011.[1] For the following reasons, the Court grants final collective action certification, approves the settlement agreement and approves plaintiffs' request for attorneys'

---

[1] The Court previously overruled these motions because the parties did not request final collective action certification. Order (Doc. #54) filed February 13, 2012.

fees and costs.

## Factual And Procedural Background

On December 1, 2010, six named plaintiffs – James Fulton, Brandon Russell, Eric Wadkins, John Buckner, Mark A. Theis and Randy D. Russell – brought their FLSA claim as a collective action under 29 U.S.C. § 216(b). On February 7, 2011, the Court conditionally certified a class of TLC Lawn Care, Inc. employees who were not paid for all hours worked during the three-year period prior to class certification. Order (Doc. #14) at 1-2. On February 22, 2011, the Court approved plaintiffs' proposed class notice and consent to join forms. Order (Doc. #20). Between March 7 and May 17, 2011, eight former employees of TLC Lawn Care, Inc. opted in to the suit – Sergio Beltram, James Green, Juan Carlos Hernandez, Jay Lyon, John McArthur, Randy New, Jaime Reyes and Randy Wood. Notice Of Consent To Join (Docs. #23, 27-31, 33).

On August 15, 2011, plaintiffs filed an amended complaint that added a putative class action claim for violations of the KWPA. First Amended Complaint (Doc. #45); see also Order (Doc. #44) filed August 5, 2011. On September 15, 2011, the parties mediated this dispute and reached a settlement. Joint Motion To Approve Settlement Of FLSA Claims And Supporting Memorandum (Doc. #51) at 4. In return for plaintiffs' release of their claims, the agreement provides that TLC will pay each member of the collective action his straight-time hourly rate for every minute defendant allegedly "rounded away." Notwithstanding the settlement, TLC maintains that the vast majority of this time is attributable to bona fide lunch breaks. The settlement provides compensation to each plaintiff as follows:

```
Sergio Beltram:      $114.20
Johnathan Buckner:   $1,268.50
James Fulton:        $1,754.30
James Green:         $8,841.98
```

2

| | |
|---|---|
| Juan C. Hernandez: | $7,073.49 |
| Jay Lyon: | $451.50 |
| John McArthur: | $7,345.35 |
| Randy New: | $2,502.84 |
| Jamie Reyes: | $2,990.36 |
| Randy Russell: | $2,132.30 |
| Brandon Russell: | $1,139.44 |
| Mark Theis: | $1,932.60 |
| Eric Wadkins: | $587.60 |
| Randy Wood: | $2,236.94 |

The total settlement amount is $40,371.40.[2]

As required by the FLSA, the parties now ask the Court to grant final collective action certification and approve the settlement agreement. Plaintiffs ask the Court to approve their unopposed request for fees and costs.

## Analysis

### I.  Final FLSA Collective Action Certification

Under the FLSA, "similarly situated" employees may maintain a collective action against an employer for violating the Act. 29 U.S.C. § 216(b). The FLSA does not, however, define the phrase "similarly situated." Thiessen v. Gen. Elec. Capital Corp., 267 F.3d 1095, 1102 (10th Cir. 2001). To determine whether members of a putative collective action are similarly situated, the Tenth Circuit has adopted a two-tiered, ad hoc approach. McCaffrey v. Mortg. Sources Corp., No. 08-2660-KHV, 2011 WL 32436, at *2 & n.6 (D. Kan. Jan. 5, 2011); see Thiessen, 267 F.3d at 1105. First, the Court must make a preliminary determination that the collective action should be certified for purposes of sending notice of the action to potential class members. Brown v. Money Tree Mortg., Inc., 222 F.R.D. 676, 679 (D. Kan. 2004). This finding requires nothing more than

---

[2]  The parties calculate the total settlement amount to be $40,371.39, but the individual amounts actually add up to $40,371.40.

3

substantial allegations that putative class members were together the victims of a single decision, policy or plan.  Thiessen, 267 F.3d at 1102 (quoting Vaszlavik v. Storage Tech. Corp., 175 F.R.D. 672, 678 (D. Colo. 1997)).  The standard for certification at the notice stage is lenient and typically permits conditional certification of a representative class.  Gieseke v. First Horizon Home Loan Corp., 408 F. Supp.2d 1164, 1166 (D. Kan. 2006) (citing Mooney v. Aramco Servs. Co., 54 F.3d 1207, 1214 (5th Cir.1995)).  On February 7, 2011, the Court conditionally certified a class of TLC Lawn Care, Inc. employees who were not paid for all hours worked during the three-year period prior to class certification.  Order (Doc. #14) at 1-2.

At the conclusion of discovery (often prompted by a motion to decertify), the Court must make a second determination that members of the putative class action are similarly situated.  At this stage, the Court applies a stricter standard and considers (1) the disparate factual and employment settings of individual plaintiffs; (2) various defenses available to defendant which appear to be individual to each plaintiff; and (3) fairness and procedural considerations.  McCaffrey, 2011 WL 32436 at *2; see Thiessen, 267 F.3d at 1102-03.

Plaintiffs ask the Court to certify a final collective action of 14 hourly employees who worked for defendant at its place of business in Kansas.  They all allege that defendant failed or refused to pay them for all hours worked by improperly "rounding away" time from their paychecks. Supplement To Joint Motion To Approve Settlement Of FLSA Claims And Supporting Memorandum (Doc. #55) at 3.  Of the 14 putative class members, 13 of them performed basically the same functions – manual lawn care and landscaping, and some administrative work on an ad hoc basis to finalize customer paperwork.  John McArthur, an opt-in plaintiff, is the only one whose job functions were different.  He marketed TLC landscape services and directed landscape crews to

4

perform work for certain customers. Like the others, though, defendant paid McArthur by the hour, he drove defendant's trucks as part of his job and he claims that defendant improperly "rounded away" time from his paycheck.

The crux of plaintiffs' claims is that defendant violated the FLSA and KWPA by deducting time from the time sheets of all hourly employees. Specifically, plaintiffs claim that defendant deducted roughly one hour per shift, ostensibly for a lunch hour.[3] Plaintiffs maintain, however, that they almost never took lunch breaks, but ate "on the run" while traveling between job sites. As relevant to plaintiffs' claims, their jobs were substantially similar.

Defendant contends that the time "rounded away" from plaintiffs' paychecks was for bona fide meal breaks for which plaintiffs were not entitled to compensation. It also contends that all plaintiffs and class members were exempt from FLSA overtime rights under the Motor Carrier Act exemption. See 29 U.S.C. § 213(b)(1). These defenses appear to apply equally to all plaintiffs.

Moreover, fairness and procedural considerations – such as allowing plaintiffs to pool their resources for litigation – favor collective treatment. For these reasons, the Court sustains plaintiffs' request for final collective action certification. See Sanderson v. Unilever Supply Chain, Inc., 10-CV-00775-FJG, 2011 WL 5822413, at *3 (W.D. Mo. Nov. 16, 2011); Peterson v. Mortg. Sources, Corp., No. 08-2660-KHV, 2011 WL 3793963, at *6-7 (D. Kan. Aug. 25, 2011). Per the Court's order granting conditional class certification, James Fulton, Brandon Russell, Eric Wadkins, John Buckner, Mark A. Theis and Randy D. Russell are class representatives. Plaintiffs' counsel, Brady and Associates, are class counsel.

---

[3] Plaintiffs also contend that at times defendant would start paying overtime at 46 hours per week, instead of after 40 hours per week.

5

**II.     FLSA Settlement Approval**

When employees file suit against their employer to recover back wages under the FLSA, the parties must present any proposed settlement to the district court for review and a determination whether the settlement is fair and reasonable. Gambrell v. Weber Carpet, Inc., No. 10-2131-KHV, 2012 WL 162403, at *2 (D. Kan. Jan. 19, 2012) (citing Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982)). If the settlement reflects a reasonable compromise of issues actually in dispute, the Court may approve the settlement to promote the policy of encouraging settlement of litigation. Id. at *2 (citing Lynn's Food Stores, 679 F.2d at 1354); McCaffrey, 2011 WL 32436, at * 3.

Here, a bona fide dispute exists as to (1) whether plaintiffs were entitled to payment for the time which defendant deducted from their paychecks and (2) whether plaintiffs were exempt from FLSA overtime rights under the Motor Carrier Act exemption.[4]

To determine whether a proposed settlement under Section 216(b) is fair and equitable to all parties, courts have regularly applied the same fairness factors as apply to a proposed class action settlement under Rule 23(e), Fed. R. Civ. P., which include (1) whether the proposed settlement was fairly and honestly negotiated, (2) whether serious questions of law and fact exist which place the ultimate outcome of the litigation in doubt, (3) whether the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation and (4) the judgment of the parties that the settlement is fair and reasonable. Gambrell, 2011 WL 162403, at *3 (citing McCaffrey, 2011 WL 32436, at * 5).

---

[4]     Under the Motor Carrier Act exemption, the maximum hours provisions of the FLSA, 29 U.S.C. § 207, do not apply to any employee with respect to whom the Secretary of Transportation has power to establish qualifications and maximum hours of service under 49 U.S.C. § 31502.

6

The Court also considers various contextual factors pertinent to the statutory purpose of the FLSA, some of which overlap with the factors listed above. These "contextual" factors include (1) defendant's business, (2) the type of work performed by plaintiffs, (3) the facts underlying plaintiffs' reasons for justifying their claims, (4) defendant's reasons for disputing plaintiffs' claims, (5) the relative strength and weaknesses of plaintiffs' claims, (6) the relative strength and weaknesses of defendant's defenses, (7) whether the parties dispute the computation of wages owed, (8) each party's estimate of the number of hours worked and the applicable wage and (9) the maximum amount of recovery to which plaintiffs claim they would be entitled if they successfully proved their claims. McCaffrey, 2011 WL 32436, at *5 (citing Dees v. Hydradry, Inc., 706 F. Supp.2d 1227, 1243-44 (M.D. Fla. 2010)).

The parties reached a settlement agreement after extensive factual investigation regarding plaintiffs' claims and an assessment of the strength of those claims. The parties have evaluated their positions, specifically with respect to whether the "rounded away" time was compensable under the FLSA and whether the Motor Carrier Act exempted plaintiffs from the right to payment for overtime. They acknowledge that unresolved legal and factual issues place the ultimate outcome of the litigation in doubt. Moreover, the parties' agreement is the product of arms-length negotiations during mediation with an experienced labor-and-employment-law mediator. The Court sees no evidence of fraud or collusion.

With respect to the probability of plaintiffs' success on the merits, and the amount of settlement in relation to potential recovery, plaintiff's counsel states that "the settlement at issue far outweighs the risks of proceeding to dispositive motions or to trial." Joint Motion To Approve Settlement Of FLSA Claims And Supporting Memorandum (Doc. #51) at 8. The six named

plaintiffs obviously find the settlement fair and reasonable, as they have signed the agreements. Under the FLSA, if plaintiffs prevailed at trial, some might be entitled to overtime pay and all would be entitled to liquidated damages in addition to compensation for back pay. Although plaintiffs' counsel believes the claims have merit, they recognize that plaintiffs face significant obstacles and protracted litigation.

Under the agreement, defendant will pay each plaintiff for the amount of time "rounded away," that is, the difference between "clock time" and "daily paid time" based on each plaintiff's hourly wage. This amounts to a total of $40,371.40 (itemized above), not including attorneys' fees and costs. In light of all the circumstances, and for the reasons discussed above, the Court finds the settlement to be fair and reasonable.

### III.   Attorneys' Fees And Costs

The FLSA also requires that a settlement agreement include an award of "a reasonable attorney's fee . . . and costs of the action." See 29 U.S.C. § 216(b); Gambrell, 2012 WL 162403, at *3. Though the Court has discretion to determine the amount and reasonableness of the fee, the FLSA fee award is mandatory. Gambrell, 2012 WL 162403, at *3 (citing Wright v. U-Let-Us Skycap Serv., Inc., 648 F. Supp. 1216, 1218 (D. Colo. 1986)).

Plaintiffs seek $19,628.61 in attorneys' fees and costs – $18,363.82 for fees and $1,264.59 for costs. To support their requests, plaintiffs have submitted attorney and paralegal time sheets, affidavits from labor and employment lawyers practicing in the area and a table of expenses. Defendant has reviewed plaintiffs' motion and does not dispute any of the arguments or statements therein.

The costs for which plaintiffs seek reimbursement – $1,264.59 – solely relate to mediation.

They are reasonable.

Plaintiffs' request for $18,363.82 in attorneys' fees is only 37 per cent of their lodestar calculation of $49,576.00. The lodestar equals the number of hours worked multiplied by the prevailing hourly rates. Perdue v. Kenny A. ex rel. Winn, 130 S. Ct. 1662, 1669 (2010). Although plaintiffs calculated the lodestar using hourly rates that the Court recently rejected as not reasonable or customary, see Peterson, 2011 WL 3793963, at *11 (citing Wilhelm v. TLC Lawn Care, No. 07-2465-KHV, 2009 WL 57133 (D. Kan. Jan. 8, 2009)), their request is less than the adjusted lodestar based on the lower rates. The lodestar method thus indicates that plaintiffs' fee request is reasonable. But the Court must also consider whether the fee is reasonable under the 12 factors listed in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974): (1) time and labor required, (2) novelty and difficulty of question presented by the case, (3) skill requisite to perform the legal service properly, (4) preclusion of other employment by the attorneys due to acceptance of the case, (5) customary fee, (6) whether the fee is fixed or contingent, (7) any time limitations imposed by the client or circumstances, (8) amount involved and results obtained, (9) experience, reputation and ability of the attorneys, (10) "undesirability" of the case, (11) nature and length of the professional relationship with the client and (12) awards in similar cases. Rosenbaum v. MacAllister, 64 F.3d 1439, 1445 (10th Cir. 1995).

With respect to the Johnson factors, the Court finds that plaintiffs' counsel spent more than 100 hours on this case and that their paralegals spent roughly 165 hours. As discussed above, the case involved difficult factual and legal issues regarding time "rounded away" from plaintiffs' paychecks, whether certain time spent traveling from one job site to another was compensable and whether the Motor Carrier Act exemption applied. Addressing these issues required some skill and

9

expertise by plaintiffs' counsel who are experienced in handling FLSA cases and took this case on a contingency fee. Moreover, the fee that plaintiffs request is not out of line with fees awarded in other FLSA cases. Based on the lodestar and the Johnson factors, the Court finds that the attorneys' fees which plaintiffs request are fair and reasonable.

**IT IS THEREFORE ORDERED** that the parties' Supplement To Joint Motion To Approve Settlement Of FLSA Claims And Supporting Memorandum (Doc. #55) filed February 22, 2012, which the Court construes as renewal of their Joint Motion To Approve Settlement Of FLSA Claims And Supporting Memorandum (Doc. #51) and plaintiffs' Unopposed Motion And Memorandum For Approval Of Attorneys' Fees And Costs (Doc. #52) both filed October 28, 2011, be and hereby is **SUSTAINED**.

For settlement purposes, the Court certifies a final collective action under the FLSA, 29 U.S.C. § 216(b) as to the class of 14 hourly employees listed above. The Court appoints James Fulton, Brandon Russell, Eric Wadkins, John Buckner, Mark A. Theis and Randy D. Russell as class representatives. It appoints Brady and Associates as class counsel.

Furthermore, the Court approves the parties' settlement agreement. The Court approves the proposed notice of settlement (attached as Exhibit 1), finding that it provides fair and accurate notice. The Court also approves the "Withdrawal Of Consent To Join" form (attached as Exhibit 2).

**On or before June 1, 2012, class counsel shall mail the notice of settlement and withdrawal of consent to join form by First Class mail to the last known address of each settlement class member.** Settlement class members must exercise their right to opt out of the settlement within 21 days of the mailing. The settlement agreement will be binding on the settlement class members who do not provide to class counsel an executed "Withdrawal Of Consent

To Join" form within the opt-out period as defined on the form.

Finally, the Court approves plaintiffs' request of $18,363.82 for attorneys' fees and $1,264.59 for costs, and finds that such fees and costs are reasonable.

Dated this 17th day of May, 2012 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

11